[No. 22481. Department One. February 13, 1931.]

A. H. ANDERSON, *Appellant*, v. SANITARY DAIRY, INCOR-
PORATED, *Respondent and Cross-Appellant*,
JOHN B. BENSON *et al., Respondents.*[1]

*Howard O. Durk,* for appellant.
*A. E. Graham,* for respondents.

MILLARD, J.—The trial of this action, which is for
the recovery of $1,257 balance claimed to be due on an
account stated, resulted in findings and judgment for
$812 in favor of plaintiff, A. H. Anderson, against the
defendant Sanitary Dairy, Inc., and judgment of dis-
missal as to the defendants John B. Benson and wife.
The plaintiff has appealed from that part of the judg-
ment dismissing the action as to the defendants Ben-
son. The defendant Sanitary Dairy, Inc., has appealed
from the judgment against it.

On January 6, 1928, Anderson, who had a contract
with the dairy company as agent for the sale of the
stock of the corporation, on a commission of twenty
per cent on all shares of stock sold by him, was acting
secretary of the Sanitary Dairy, at a monthly salary

[1]Reported in 295 Pac. 925.

of one hundred and fifty dollars. At this time, Anderson also held the option to purchase the shares of B. K. Newman, owner of a large number of shares of stock of the company.

John B. Benson, who was anxious to secure control of the company, orally agreed, on or about January 6, 1928, to pay to Anderson $2,000, if, within thirty days, Anderson resigned his position and salary as secretary of the company, relinquished all of his rights under his contract for sale of the company's shares of stock, and permitted B. K. Newman to sell his stock to Benson. On February 6, 1928, having previously acquired the stock of Newman and the shares of another stockholder, Benson owned a majority of the voting shares, by virtue of which he had become a director, acting president, manager, and treasurer of the dairy company.

On February 6, 1928, claiming the dairy company was indebted to him, Anderson resigned his position as secretary and treasurer, surrendered all of his rights as the sole agent of the corporation for the sale of its stock, and demanded a settlement. Anderson informed Benson that the company owed him $2,500, but he would accept $2,000 for a prompt settlement. The court found, and it clearly appears, not only from the testimony but from the credit entry made in the books of the company, that the agreed amount that was owing to Mr. Anderson by the company, January 1, 1928, was $2,000.

It does not appear that, prior to the trial of this action, this was claimed to be the debt of the Bensons. Not only did Anderson understand the debt was that of the dairy company, but it affirmatively appears that the agreement on which this action was founded was ratified and confirmed by the dairy company as its obligation, and that the demand of Anderson for pay-

ment was made on the company. A check for $743, drawn by the dairy company on its account, was paid to Anderson, who, the dairy company insists, accepted the check in full of all claims; that that was a full and complete accord and satisfaction of all claims of Anderson.

The dairy company alleged as an affirmative defense that there was an agreement to settle with Anderson on the basis of $2,000 and that the check for $743 was in full "satisfaction, accord and settlement of all claims against the defendants." Such was not the view of Mr. Anderson, who commenced an action to recover from the Bensons and the dairy company a claimed balance of $1,257 alleged to be due to him after the payment of the $743. The trial resulted, as recited above, in judgment against the dairy company for $812.

 Having relied on an accord and satisfaction as a defense, the burden of proving it was upon the Sanitary Dairy, Inc. The dairy company has not sustained that burden.

This was an account stated. The statement of dealings between Anderson and the dairy company was made out by the latter, who informed the former that $2,000 was the balance due him when settlement was demanded. That, Anderson agreed, was correct. The dairy company acknowledged in writing—the credit entry of $2,000 in the books of the company—its indebtedness to Anderson. There is not a sufficient showing that he accepted the $743 as other than a payment on account. The claim of indebtedness was liquidated and undisputed. The amount was agreed upon as $2,000. The payment of a less amount than the liquidated demand was not a discharge of the whole.

"Accord and satisfaction is founded on contract, and a consideration therefor is as necessary as for any other contract. One rule of law with reference to accord and satisfaction, which has been adopted by this court, is that, if a claim of indebtedness is liquidated and undisputed, and is due and owing, payment by the debtor and receipt by the creditor of any amount of money less than the whole amount of the indebtedness will not discharge the balance, and this is true even though, at the time of making the payment, the debtor announced that he intended thereby to pay in full the entire indebtedness. The reason for this rule is that there is no contract and no consideration, because the debtor was in law bound to pay in full that which he admits he owes." *Plymouth Rubber Co. v. West Coast Rubber Co.,* 131 Wash. 662, 231 Pac. 25.

Anderson's credit and debit sheet in the books of the company discloses that he was given a credit of $2,000 January 1, 1928. The entry reads, "Amount agreed to by Mr. Benson, $2,000." Subsequent thereto, Anderson purchased groceries, etc., from the company, to the value of approximately $445. He accepted on February 6, 1928, $743 on account. That would leave a balance due him of $812, the amount awarded to him by the judgment.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, BEALS, and FULLERTON, JJ., concur.